FARRELL, Senior Judge,
concurring:
The District should consider pursuing amending legislation or a regulatory initiative in this area. Overpayments of disability compensation cannot be a rarity, witness the elaborate statutory administrative process the court summarizes for deciding which should be recouped and which forgiven. If the decision is to recoup, one would logically expect that same process to lead to an administrative order of repayment, followed by an appeal of right to the Office of Administrative Hearings by the aggrieved payee.
But the statute does not so provide, which means that if the District believes funds are being unjustly retained, it must file suit in Superior Court to reclaim them; and then a Superior Court judge must conduct “a highly contextual balancing of all of the equities,” ante at 529-30, to decide whether an order of repayment is just in the circumstances — very much like the statutory balancing the agency will have done already. The difference is that, in the court action, a payee’s disregard of the statute’s carefully-wrought administrative process for relief from repayment counts only as one among the factors to be balanced (though a possibly weighty one in a given case).
It is in the District’s, and the public’s, interest to ask whether this “hybrid” procedure, ante at 528, should not be replaced by a unified one within the framework of administrative law. That would have obvious advantages: It would comport with the way workers’ (and unemployment) compensation matters are all but exclusively handled otherwise; it would remove an occasional burden from a busy trial court; and, most significantly from the District’s standpoint, it would sharpen the teeth of the statute’s waiver provision for failure to comply with the administrative relief procedures.